IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

ALEXIS KING,

    Plaintiff,

v.

CASE NO.: 2021 CA 000696

SOUTHEAST UTILITIES OF GEORGIA, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, **ALEXIS KING,** ("Plaintiff"), by and through undersigned counsel, sues Defendant, **SOUTHEAST UTILITIES OF GEORGIA, INC.** ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This action is brought for damages, declaratory relief and injunctive relief pursuant to the Florida Civil Rights Act, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §201, *et seq.* ("FLSA"), and the Equal Pay Act, 29 U.S.C. §206, *et seq.*[1]

---

[1] Plaintiff intends to assert a claim under the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, however she is waiting on her right to sue from the Equal Employment Opportunity Commission.

2.	This is an action for damages that exceed $30,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury; accordingly, although in filing this Complaint Plaintiff's counsel was required to and did file a Civil Cover Sheet stating an "Amount of Claim" figure, that figure is for data collection and clerical processing purposes only, and the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

3.	Plaintiff has satisfied all conditions precedent to bringing this action.

## VENUE

4.	Venue is proper in this action because the events giving rise to Plaintiff's claim occurred in Leon County, Florida.

## THE PARTIES

5.	At all times pertinent hereto, Plaintiff was employed in Florida by Defendant. Plaintiff is a member of a protected class based on her gender, being an employee of Defendant and reporting of acts made unlawful under the above statutes.

6.	Defendant is an employer under the applicable statutes. At all times relevant, Defendant is a corporation authorized to do

business, transact business and perform services in Florida. Defendant is engaged in commerce or in the production of goods for commerce as defined in the FLSA, and the annual gross sales volume of Defendant was at all times relevant in excess of $500,000.00 and/or was engaged in interstate commerce and/or was employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of 29 U.S.C. §203(s)(1)(A).

## FACTUAL ALLEGATIONS

7. Defendant began employing Plaintiff in 2015.

8. Defendant promoted Plaintiff to project coordinator in October 2017.

9. After her promotion and until her termination, Plaintiff was paid less than her male counterparts, including those with less experience.

10. Plaintiff repeatedly notified her employer of this sex motivated disparate treatment and on December 2, 2019, Plaintiff reported this sex discrimination to the head of Defendant's company.

11. Defendant admitted that it had been underpaying Plaintiff, however, nothing was done to correct the issue.

12. Furthermore, the head of Defendant's company made degrading comments about women and joked to Plaintiff about past sexual harassment claims he has had against him and acted as if those issues are not serious.

13. Plaintiff was terminated on December 9, 2019 for illegitimate and demonstrably false reasons.

14. Defendant fired Plaintiff for her reporting unlawful discrimination.

15. From March 31, 2018 until Plaintiff's termination Plaintiff was misclassified as an exempt employee under the Fair Labor Standards Act and was not properly paid overtime. The Department of Labor has determined that Defendant failed to pay Plaintiff $4,613.71 in overtime pay.

16. After Plaintiff's termination, Defendant continued to retaliate against her. Plaintiff became reemployed with another Employer, North Florida Fiber. Defendant attempted to contract with North Florida Fiber, however it informed North Florida Fiber that it would not allow Plaintiff to work and/or contract for them because she filed a charge of discrimination with the Equal Employment Opportunity Commission. This resulted in Plaintiff losing her job at North Florida Fiber.

17. Plaintiff hired the undersigned to represent her in this action and Defendant should be made to pay Plaintiff's attorney's fees and costs.

## COUNT I

### VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992, FLORIDA STATUTES § 760.10 RETALIATION

18. Paragraphs 1-17 are re-alleged and incorporated herein by reference.

19. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her in violation of § 760.10(1)(a) and (b), Florida Statutes.

20. Plaintiff is a member of a protected class within the meaning of the applicable law.

21. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation, thereafter, as related in part above. The events set forth herein led, at least in part, to Plaintiff's termination.

22. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience,

mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

**WHEREFORE**, Plaintiff respectfully request this Court grant the following relief: A declaration by this Court that Defendant violated the FCRA; An injunction issued by this Court prohibiting Defendant from further violation of the FCRA; Back pay in the form of lost wages, including lost benefits, plus interest which resulted from the unlawful retaliation; Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish, and emotional distress caused by Defendant's discriminatory actions; Punitive damages; Costs of this action, together with reasonable attorneys' fees; Post-judgment interest; and such other and further relief as is just, equitable, and proper.

## COUNT II

### VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992 FLORIDA STATUTES § 760.10 GENDER DISCRIMINATION

23. Paragraphs 1-17 are re-alleged and incorporated herein by reference.

24. The foregoing actions of Defendant constitute unlawful discrimination in violation of the FCRA.

25. Defendant is liable for the discrimination towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to the Plaintiff.

26. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender. Further, Defendant's failure to pay Plaintiff equally with her male counterparts constitutes gender discrimination.

27. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience,

mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, wages, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

**WHEREFORE**, Plaintiff respectfully request this Court grant the following relief: A declaration by this Court that Defendant violated the FCRA; An injunction issued by this Court prohibiting Defendant from further violation of the FCRA; Back pay in the form of lost wages, including lost benefits, plus interest which resulted from the unlawful discrimination; Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish, and emotional distress caused by Defendant's discriminatory actions; Punitive damages; Costs of this action, together with reasonable attorneys' fees; Post-judgment interest; and such other and further relief as is just, equitable, and proper.

### COUNT III

### Discrimination in Compensation
### Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.

28.  Paragraphs 1-17 are re-alleged and incorporated herein by reference.

29. Plaintiff belongs to a protected class; she is female.

30. Plaintiff's job functions as a project coordinator were of equal skill, effort, and responsibility as the job functions of Defendant's male project coordinators and were performed under the same or similar circumstances.

31. During all relevant periods, Plaintiff received lower wages than Defendant's male project coordinators' wages while performing the same or substantially similar work than her male colleagues.

32. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers at Defendant.

33. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully request this Court grant the following relief: A declaration by this Court that Defendant violated the EPA; An injunction issued by this Court prohibiting Defendant from further violation of the EPA; Back pay in the form of lost wages, including lost benefits, plus interest which resulted from the unlawful discrimination; Costs of this action, together with reasonable attorneys' fees; Post-judgment interest; and such other and further relief as is just, equitable, and proper.

## COUNT IV

## VIOLATION OF THE FLSA

34. Paragraphs 1-17 are re-alleged and incorporated herein by reference.

35. Defendant's failure to pay Plaintiff wages and/or overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of section 207 of the FLSA.

36. Defendant's violations of the FLSA were willful.

37. Because of the above, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in the amount of the unpaid wages and/or overtime compensation owed to her, awarding liquidated damages pursuant to 29 U.S.C. section 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216(b), and awarding all such other relief as the Court deems just and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 13th day of April, 2021.

Respectfully submitted,

<u>/s/ Tiffany R. Cruz</u>
Tiffany R. Cruz
Florida Bar No.: 090986
Kevin C. Kostelnik
Florida Bar No.: 0118763
Tiffany@fa-lawyers.com
Kevin@fa-lawyers.com

FRIEDMAN, ABRAHAMSEN, & CRUZ
403 E. Park Avenue
Tallahassee, FL  32301
Telephone: (850) 681-3540

ATTORNEYS FOR PLAINTIFF
